## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION


IN RE: L'OREAL USA, INC., BENZOYL PEROXIDE
MARKETING AND SALES PRACTICES LITIGATION                MDL No. 3141


### ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiffs in the six actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Hawaii. Defendant L'Oréal USA, Inc., opposes centralization. Alternatively, defendant suggests centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs allege that they purchased L'Oréal acne medications containing benzoyl peroxide (BPO) with labeling that failed to warn them of the risk of benzene exposure and that, had they known of that risk, they would not have purchased the acne medications. Plaintiffs assert claims for violation of state consumer protection laws along with, variously, claims for breach of express or implied warranty, fraudulent or negligent misrepresentation, and unjust enrichment.

No party disputes that these actions against L'Oréal contain common questions of fact—primarily whether, and under what conditions, benzoyl peroxide degrades into benzene, and whether any resultant benzene exceeds safe levels. Despite these common factual questions, centralization is unnecessary at this stage to promote the just and efficient conduct of this litigation. Last year, we declined to centralize cases against more than a dozen defendants, including L'Oréal, where the plaintiffs made similar allegations about BPO acne medications. *In re Benzoyl Peroxide Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 3120, __ F. Supp. 3d __, 2024 WL 3629067, at *1 (J.P.M.L. Aug. 1, 2024). We noted that "centralization under Section 1407 'should be the last solution after considered review of all other options.'" *Id.* at *2 (quoting *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.,* 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012)). At that time, the defendants were making concerted efforts to self-organize the litigation by moving to transfer the cases against them to their home jurisdiction or the jurisdiction in which the first-filed action against them was pending. *Id.* We explained that we were inclined to allow those "efforts to self-organize the litigation to play out," because self-organization into "defendant-

---

[*] Judge Matthew F. Kennelly did not participate in the decision of this matter. In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

-2-

specific 'hubs' ultimately may prove the most efficient means of moving the litigation toward resolution." *Id.* That process is still playing out for the litigation against L'Oréal, and we see no need to disrupt it.

Plaintiffs unpersuasively argue that the process of self-organization is at an impasse. We repeatedly have stated that "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization." *In re 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347–48 (J.P.M.L. 2016). Here, three of the six cases are pending before a single judge in the Southern District of New York. In the other three cases, the pending Section 1404 transfer motions and challenges to venue and personal jurisdiction have the potential to bring all cases to a single district. Centralization in these circumstances is unwarranted.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton   David C. Norton
Roger T. Benitez      Dale A. Kimball
Madeline Cox Arleo

IN RE: L'OREAL USA, INC., BENZOYL PEROXIDE
MARKETING AND SALES PRACTICES LITIGATION    MDL No. 3141

## SCHEDULE A

<u>District of Hawaii</u>

SNOW v. L'OREAL USA, INC., ET AL., C.A. No. 1:24−00110
PAINTER, ET AL. v. L'OREAL USA, INC., C.A. No. 1:24−00512

<u>Eastern District of Louisiana</u>

GROSSENBACHER v. L'OREAL USA, INC., C.A. No. 2:24−00663

<u>Southern District of New York</u>

NOAKES v. L'OREAL U.S.A., INC., C.A. No. 1:24−02735
ABEDNEGO v. L'OREAL USA, INC., C.A. No. 1:24−03998
O'DEA v. L'OREAL, USA, C.A. No. 1:24−08352